IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| IVAN COLBERT FRAZIER, #889756, )<br>    Petitioner, )<br>)<br>v. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal Justice, )<br>Correctional Institutions Division, )<br>    Respondent. ) | 3:07-CV-1186-K<br>ECF |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254.

Parties: Petitioner is presently incarcerated within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the TDCJ-CID Director. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: On August 12, 1999, a jury convicted Petitioner of misdemeanor theft in the 40th Judicial District Court of Ellis County in Cause No. 24,117-CR, and imposed an enhanced sentence of twenty years. (Pet. at 2). The Tenth Court of Appeals affirmed his conviction on December 20, 2000. (*Id.* at 3). Petitioner then sought state and federal post-

conviction relief.[1] The Court of Criminal Appeals denied the state application. Petitioner then filed a federal petition, his first, which was dismissed without prejudice so that Petitioner could exhaust his state remedies. Following the dismissal of his second state application as an abuse of the writ, Petitioner filed his second federal petition in No. 3:03cv1546-N, raising twelve grounds for relief. On April 28, 2005, the District Court accepted the findings and conclusions of the magistrate judge and dismissed the petition as time barred. The District Court and the Fifth Circuit denied a certificate of appealability. *See* No. 05-11191.

Thereafter, Petitioner filed a third state application, raising the claims at issue in the present petition. (Pet. at 3). On March 28, 2007, the Court of Criminal Appeals dismissed the third application as an abuse of the writ. *See Ex parte Frazier*, No. WR-6,344-13, http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=250488.

In the present petition for a writ of habeas corpus, filed on June 29, 2007, Petitioner again seeks to challenge his 1999 theft conviction. He alleges actual innocence and newly discovered evidence in support of his claim that the trial court lacked jurisdiction to enhance his sentence. (Pet. at 7).

<u>Findings and Conclusions</u>: The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a prisoner may file a second or successive application for post-conviction relief. *See* 28 U.S.C. § 2244(b) (West 2007). A petitioner must show that the successive application is based on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, or (2) newly discovered evidence that, if

---

[1] *See Frazier v. Dretke*, 3:03cv1546-N (N.D. Tex., Dallas Div.) (findings and conclusions filed April 7, 2005, summarizing procedural history at 1-3).

proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his application in the district court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive petition in this case. Petitioner must obtain such an order before he can file another petition for habeas relief under § 2254. In *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), the Fifth Circuit held that § 2244(b)(3)(A) constitutes a bar to a district court's jurisdiction to consider a successive habeas petition unless the Fifth Circuit has granted the petitioner permission to file such a petition. Therefore, this petition should be dismissed for want of jurisdiction. Such a dismissal, however, is without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for the Fifth Circuit pursuant to § 2244(b)(3)(A). *See In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (setting out the requirements for filing a motion for authorization to file a successive habeas petition in the Fifth Circuit).

RECOMMENDATION:

For the foregoing reasons it is recommended that the petition for writ of habeas corpus be DISMISSED for want of jurisdiction, but without prejudice to Petitioner's right to file a motion for leave to file a second or successive § 2254 petition in the United States Court of Appeals for

the Fifth Circuit pursuant to 28 U.S.C. § 2244(b)(3)(A).

The Clerk will mail a copy of this recommendation to counsel for Petitioner.

Signed this 25th day of October, 2007.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.